IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PLEZ WILLIAMSON,

    Plaintiff,

                              CV F 02 5049 AWI WMW   P

    vs.

                              FINDINGS AND RECOMMENDATIONS
                              RE MOTION TO DISMISS (DOC 54 )

J. BUTLER,

            Defendant.

        Plaintiff is a former state prisoner proceeding with retained counsel in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is defendant's motion to dismiss.[1]

        This action proceeds on the January 21, 2005, fourth amended complaint. The fourth amended complaint was filed by counsel for plaintiff, who was substituted in by order of February 10, 2005. The statement of facts, taken from the fourth amended complaint, follows:

---

[1] Though the court docket reflects that summons were issued for other individuals, Butler is the only defendant named in the fourth amended complaint. There is no record of service of any other defendant. Defendant Butler is the sole defendant in this action.

1

> On or about August 5, 1998, in the housing Unit A-2 at the California Substance Abuse Treatment Facility State Prison in Corcoran, California. Plaintiff was attempting to obtain witness information for civil litigation. At said date and said place Defendant Butler became irritated and indignant. Told Plaintiff to "get out." Plaintiff could not move fast enough for Counselor Butler. When Plaintiff reached the hallway he had to sit in his wheelchair until officer's open a door to allow Plaintiff to return to Day Room. Because hallway was secure no one could come or go and no other inmate was in hallway. At this time Counselor Butler jumped out of his seat. Grabbed Plaintiff wheelchair whipping Plaintiff around with excessive force to send Plaintiff flying into grill gate.

(Fourth Am. Compl. 2:16-25). Plaintiff alleged that, as a result, he was unable to get out of bed the next day.

Defendant moves to dismiss this action on the ground that it is time-barred. Plaintiff opposes the motion.

The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Van Strum v. Lawn, 940 F.2d 406, 408 (9th Cir. 1991). In post Wilson California, that period is one year. Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704 (9th Cir. 1992). Also, while federal law determines when a cause of action accrues (see Elliott v. Union City, 25 F.3d 800, 801-02 (9th Cir. 1994)), state law determines the applicable tolling doctrines. Id. at 802; see also Hardin v. Straub, 490 U.S. 536, 543-44 (1989).

Under federal law, the limitation period begins to run when the plaintiff knows of or has reason to know of the injury that is the basis for the action. Trotter v. International Longshoreman's and Warehouseman's Union, Local 13, 704 F.2d 1141, 1143 (9th Cir. 1983). California Code of Civil Procedure § 352.1 tolls the statute of limitations for two years during imprisonment.

The fourth amended complaint alleges that the event complained of occurred on August 5, 1998. All of plaintiff's claim arise from this incident. Using the one year period for

personal injury actions and applying the tolling pursuant to section 352.1, plaintiff had three years, or until August 5, 2001, in which to file this action. The complaint in this action was filed on January 10, 2002, over 5 months from the time the statute of limitations ran.

Plaintiff's opposition consists of a single argument. Plaintiff contends that the statute of limitations is tolled during the entire period that plaintiff is incarcerated. Plaintiff cites <u>Ellis v. City of San Diego</u>, 176 F.3d 1183 (9th Cir. 1999). The Ninth Circuit in <u>Ellis</u> did reverse a district court decision relating to tolling provisions for section 1983 claims brought by incarcerated litigants. The error by the district court was its interpretation of section 352.1 to eliminate all tolling for prisoners. The court in <u>Ellis</u> held that, although that interpretation was incorrect, the statute did operate to toll the statute for a maximum period of 2 years.

Because plaintiff's claim was brought more than 3 years after the time that it accrued, it is time-barred. Defendant's motion should therefore be granted.

<u>State Law Claims</u>

Defendant argues that plaintiff's state law claims of negligence, negligent infliction of emotional distress and intentional infliction of emotional distress are barred under the California Tort Claims Act.

California law provides an administrative remedy for obtaining financial compensation under the California Tort Claims Act. Pursuant to California Government Code § 8.446(d), public employees are liable for injuries to prisoners proximately caused by the employee's negligent or wrongful acts or omissions. Cal.Gov. Code § 8.446(d). However, prior to making a claim for money damages for which the state is liable, plaintiff must present his claim to the Victim Compensation and Government Claims Board (formerly the State Board of Control). Cal. Gov. Code §§ 950 et seq. A cause of action against a public employee may hot be maintained until a claim is rejected or deemed rejected by the public entity. Cal. Gov. Code § 950.6(a).

Though plaintiff filed a claim with the State Board, the issue raised was whether the facility where plaintiff was housed was qualified to treat medical inmates with serious disabilities. Plaintiff also challenges a classification related to his medical condition. (Defendant's Exhibit 2, declaration of Lisa Carney). Plaintiff does refer to an "assault" by J.T. Butler, but claims the injury occurred on January 21, 1999. The conduct at issue in this lawsuit occurred on August 5, 1998.

Defendant further argues that, pursuant to Cal.Gov. Code § 911.2, a claim relating to a cause of action for injury must be presented no later than six months after the accrual of the cause of action. Plaintiff's claim was filed on April 16, 1999, more than six months after the accrual of the cause of action on August 5, 1998.

In his opposition, plaintiff makes no reference to state law claims, nor does plaintiff refer or respond to defendant's argument. It is clear from the Exhibits submitted by defendant that plaintiff did not timely comply with state law requirements before bringing suit.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be granted, and this action be dismissed as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 8, 2006**            **/s/  William M. Wunderlich**
mmkd34                                UNITED STATES MAGISTRATE JUDGE