IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PLEZ WILLIAMSON,
        Plaintiff,

vs.

J. BUTLER,
        Defendant.
_____/

CV F 02-5049 AWI WMW   P

ORDER ADOPTING FINDINGS
AND RECOMMENDATIONS

ORDER GRANTING MOTION TO
DISMISS (Document #54)

       Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

       On March 9, 2006, the Magistrate Judge filed Findings and Recommendations that recommended the court grant Defendant's motion to dismiss because Plaintiff filed this action outside of 42 U.S.C. § 1983's statute of limitations.  These Findings and Recommendations were served on the parties and contained notice that any objections to the Findings and Recommendations were to be filed within 15 days.

       On March 22, 2006, Plaintiff filed objections.  Plaintiff contends that the filing date of this action should relate back to the filing date of Plaintiff's earlier civil rights complaint.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. Having reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. In his objections, Plaintiff points out that in 1999 he filed a civil rights action against Defendant, which was given the case number CV F 99-5538 AWI HGB P. The court dismissed case number CV F 99-5538 AWI HGB P for Plaintiff's failure to exhaust administrative remedies prior to filing suit. Defendant argues that case number CV F 99-5538 AWI HGB P was improperly dismissed because exhaustion is not required for claims of retaliation and excessive force, and the current action should relate back to the filing date of the original action for statute of limitations purposes.

As found by the court when dismissing case number CV F 99-5538 AWI HGB P, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Booth v. Churner, 121 S. Ct. 1819, 1821, 1825 (2001). In the Ninth Circuit, Section 1997e(a)'s exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, Plaintiff's contention that the court should not have dismissed case number CV F 99-5538 AWI HGB P because exhaustion was not necessary for claims concerning retaliation and excessive force is without merit. The exhaustion requirement applies to these claims.

Plaintiff also contends that this action relates back to case number CV F 99-5538 AWI HGB P for statute of limitations purposes. Rule 15 of the Federal Rules of Civil Procedures provides in part that "an amendment of a pleading relates back to the date of the original pleading" when one of three alternative provisions are met. Subdivision (c)(2) allows an amendment to relate back when the claim . . . asserted in the amended pleading arose out of the

conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Fed.R.Civ.P. 15(c)(2).  Because this action and case number CV F 99-5538 AWI HGB P concern the same claims alleged against the same defendant, Plaintiff argues this action should relate back to the filing date of case number CV F 99-5538 AWI HGB P.  Plaintiff is incorrect. A party cannot use the rule governing the relation back of amendments of pleadings once an action has been dismissed and a final judgment entered unless the judgment is set aside under the rules allowing amendment of, or relief from, judgment.  Griffey v. Lindsey, 345 F.3d 1058, 1062 (9th Cir. 2003), *opinion vacated on denial of reh'g on other grounds*, 349 F.3d 1157 (9th Cir. 2003); Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996).  Here, judgment was entered in case number CV F 99-5538 AWI HGB P.   No motion to set aside judgment in case number CV F 99-5538 AWI HGB P has been filed nor would such a motion likely be granted because exhaustion is necessary and Plaintiff had not exhausted his claims prior to filing case number CV F 99-5538 AWI HGB P.   Thus, Plaintiff's objections offer no reason to not adopt the Magistrate Judge's recommendation that this action be dismissed for Plaintiff's failure to file this action within the statute of limitations.

      Accordingly, the court ORDERS that:

1.    Defendant's motion to dismiss is GRANTED;

2.    This action is DISMISSED; and

3.    The Clerk of the court is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:   March 27, 2006**           **/s/ Anthony W. Ishii**
0m8i78                          UNITED STATES DISTRICT JUDGE